Joseph D. and Jennie G. D. Harrison v. Commissioner.
Harrison v. Commissioner
Docket No. 109823.
United States Tax Court
1943 Tax Ct. Memo LEXIS 485; 1 T.C.M. (CCH) 498; T.C.M. (RIA) 43044; January 28, 1943
*485 Henry F. Matheis, C.P.A., Room 809, 176 Broadway, New York City, for the petitioners. Ellyne E. Strickland, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This proceeding involves income taxes for 1939. The Commissioner determined a deficiency in the amount of $1,820.34. All facts were stipulated and we adopt the stipulation by reference, and find the facts therein set forth. Two questions are presented: (1) as to what was the period of holding, within the purview of section 117, Revenue Act of 1938, of real estate condemned and taken by a municipal corporation; and (2) whether interest received upon the amount of the condemnation award is taxable as ordinary income. The only material facts may be simply stated as follows: On March 23, 1923, petitioner Jennie G. D. Harrison acquired an interest in real estate and the property was taken over by the City of New York on March 28, 1924, under condemnation proceedings. In 1939 the petitioner received $2,333.33 for her one-third interest in $7,000, the principal amount of the condemnation money, and $2,068.18 as one-third of $6,204.53, interest paid upon the $7,000, pursuant to final decree in the condemnation proceedings *486 under date of September 16, 1938. Both petitioners and respondent, in memorandum briefs filed, rely upon the decision in , and contend that the facts therein are parallel to those here involved. Inasmuch as the Supreme Court of the United States, upon January 4, 1943, in , held that the amount received in a condemnation proceeding above the principal amount of the award was taxable as ordinary income, and inasmuch as in that matter no review was sought of the holding of the Circuit Court of Appeals for the Third Circuit in , that the transfer of the property through condemnation proceedings was a sale within the meaning of section 117 of the Revenue Act of 1936, it is apparent that the present questions have now been decided, and following the decisions of both the Circuit Court and the Supreme Court, we hold that the interest from the condemnation award is taxable as ordinary income, not includible as a part of the award, and we further hold that the property condemned *487 had been held for a period less than 18 months, within the purview of Section 117 of the Revenue Act of 1938. We therefore hold that no error was committed in the assertion of the deficiency. Decision will be entered for the respondent.